UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GARDENIA RICHBURG DEADWILEY,

    Plaintiff,

  -against-

NYS OFFICE OF CHILDREN AND
FAMILY SERVICES,

    Defendant.
-----------------------------------------------------------X

DECISION AND ORDER
13-CV-1977 (WFK) (LB)

**WILLIAM F. KUNTZ, II, United States District Judge**

On April 5, 2013, *pro se* plaintiff, Gardenia R. Deadwiley, filed the instant complaint against the New York State Office of Children and Family Services, alleging violations under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*; and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*

Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons stated below, plaintiff is directed to file an amended complaint, within thirty (30) days of the date of this order, or the instant claims for relief under Title VII and the ADEA shall be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii).

**I. Background**

Plaintiff's complaint is submitted on an employment discrimination form supplied by the Court. Although plaintiff alleges she suffered discrimination within the terms of Title VII, the ADEA and the ADA, the body of her complaint only addresses the alleged discrimination pursuant to plaintiff's disability. Specifically, plaintiff alleges that in 2011, she applied for

1

employment with defendant pursuant to the New York Civil Service Law 55-b program,[1] and that defendant failed to hire her. See Compl. at ¶¶ 3–11.

Plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC"). On January 10, 2013, the EEOC issued plaintiff a Dismissal and Notice of Rights letter, stating that "[b]ased upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes." Dismissal and Notice of Rights letter, annexed to the Complaint. Plaintiff seeks monetary damages.

## II. Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "An action is 'frivolous' when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks omitted).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191 (2d Cir. 2008).

---

[1] Civil Service Law § 55–b provides state employment opportunities in noncompetitive positions for individuals with physical and mental disabilities. N.Y. Civ. Serv. L. § 55–b; Idlisan v. SUNY Upstate Medical Univ., No. 5:12–CV–01790, 2013 WL 495409, at *1 (N.D.N.Y. Jan. 13, 2013) (Dancks, M.J.).

2

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949–50 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citations omitted).

The plausibility standard does not impose an across-the-board, heightened fact pleading standard. Boykin v. KeyCorp, 521 F.3d 202, 213 (2d Cir. 2008). The plausibility standard does not require "a complaint to include specific evidence [or] factual allegations in addition to those required by Rule 8." Arista Records, LLC v. Doe 3, 604 F.3d 110, 119 (2d Cir. 2010). However, the plausibility standard does impose some burden to make factual allegations supporting a claim for relief. As the Iqbal Court explained, the plausibility standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.

### III. Discussion

Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). To establish a prima facie case of discrimination, a plaintiff must show that: (1) she is a member of a protected class, (2) she was qualified for the position she held, and (3) suffered an adverse employment action,

(4) under circumstances giving rise to an inference of discrimination. Ruiz v. Cnty. of Rockland, 609 F.3d 486, 491–92 (2d Cir. 2010).

Plaintiff fails to properly plead a claim under Title VII insofar as she fails to allege facts to show that she suffered discrimination because of her race, color, gender, religion or national origin. See Rich v. Associated Brands, Inc., 379 Fed. App'x 78, 80, n.1 (2d Cir. 2010) ("Title VII . . . protects against discrimination based on an 'individual's race, color, religion, sex, or national origin,' but not disability"). Here, plaintiff fails to allege that she is a member of a protected class under Title VII or that defendant's failure to hire her gave rise to an inference of discrimination.

Furthermore, the ADEA establishes that it is "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions or privileges or employment, because of such individual's age." 29 U.S.C. § 623(a)(1). In order to establish a prima facie case of age discrimination in violation of the ADEA, plaintiff must show: (1) that she was within the protected age group (more than forty years old); (2) that she was qualified for her position; (3) that she experienced adverse employment action; and (4) that such action occurred under circumstances giving rise to an inference of discrimination. See Gorzynski v. Jet Blue Airways Corp., 596 F.3d 93, 107 (2d Cir. 2010) (citation omitted). Here, although plaintiff states that she is more than forty years old, she fails to plead any facts sufficient to create a reasonable inference that age discrimination was a determining factor in any adverse employment decision she may have suffered.

Even under the most liberal construction of plaintiff's allegations, she provides no factual allegations to connect any adverse employment action to a protected status under Title VII or the ADEA. See Ruston v. Town Bd. of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010) ("Under Iqbal,

4

factual allegations must be sufficient to support necessary legal conclusions," and must "plausibly suggest an entitlement to relief.").

## IV. Conclusion

In light of plaintiff's *pro se* status, this Court will grant plaintiff thirty (30) days from the date of this order to replead her allegations in an amended complaint to correct the deficiencies noted above. The amended complaint must include a short, plain statement of facts sufficient to support a plausible claim that defendant discriminated against her in violation of Title VII and the ADEA. Plaintiff is advised that any amended complaint she files will completely replace the original complaint. Plaintiff's amended complaint must be captioned as an "AMENDED COMPLAINT" and bear the same docket number as this Order.

No summons shall issue at this time and all further proceedings shall be stayed until plaintiff has complied with this Order. Plaintiff is advised if she fails to file an amended complaint within thirty (30) days of this order, her Title VII and ADEA claims will be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is further advised that if she fails to file an amended complaint, the action will go forward solely on her ADA claim that she raised in the original complaint.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**SO ORDERED**

Dated:      Brooklyn, New York
             April 16, 2013

/S/ Judge William F. Kuntz, II

HON. WILLIAM F. KUNTZ, II
United States District Judge