UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GARDENIA RICHBURG DEADWILEY,  :
 :
        Plaintiff,  :
 :
 : DECISION & ORDER
     -*against*-  : 13-cv-1977 (WFK) (LB)
 :
NEW YORK STATE OFFICE OF CHILDREN &  :
FAMILY SERVICES,  :
 :
        Defendant.  :
------------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

By amended complaint filed May 3, 2013, Plaintiff Gardenia Richburg Deadwiley ("Plaintiff"), alleges that Defendant New York State Office of Children & Family Services ("Defendant") violated The Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"), and the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL"), by wrongfully failing to hire Plaintiff on the basis of her disability and age after she applied to multiple job postings. Defendant moves to dismiss these claims pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. For the reasons discussed below, Defendant's motion is GRANTED WITH PREJUDICE.

## BACKGROUND

Plaintiff Gardenia Richburg Deadwiley is a resident of the State of New York. Dkt. 5 ("Am. Compl.") at ¶ 1. Plaintiff has a Master's Degree in School Psychology and many years of experience in youth counseling. *Id.* at ¶ 9. Defendant New York State Office of Children & Family Services has its principal office in Rensselaer, NY. *Id.* at ¶ 2. Defendant is responsible for programs and services involving foster care, adoption and adoption assistance, child protective services, services for pregnant adolescents, and protective programs for vulnerable adults. *Id.*

Plaintiff first applied for a position of employment with Defendant as a "disabled" person in May 2011 under N.Y. Civ. Serv. Law § 55-b. *Id.* at ¶ 3. According to Plaintiff, N.Y. Civ. Serv. Law § 55-b provides for "coordinated efforts to place individuals with disabilities in entry-level State jobs. No initial written or oral examinations are required for appointment." *Id.*

When Plaintiff applied for the position of Youth Counselor #11-168, Plaintiff was notified on July 6, 2011 that she "met the minimum qualifications for the Youth Counselor" position. *Id.* at ¶ 4. Plaintiff was the only N.Y. Civ. Serv. Law § 55-b applicant who applied for this position. *Id.* Plaintiff's paperwork was forwarded to the Brooklyn Multiservice Center for further consideration, but was not forwarded on a "certified list" as required by Civil Service Policy. *Id.* Moreover, Plaintiff was the only "qualified" applicant who was not placed on any "certified list." *Id.* As a result, Plaintiff "believes that the [Defendant's] 'disparate' treatment of her, reduced and even illuminated her chances of being hired," in violation of the ADA and NYSHRL. *Id.*

Plaintiff thereafter applied for Youth Counselor position #11-193 on June 23, 2011. *Id.* at ¶ 5. On August 12, 2011, Plaintiff was notified that "she did not meet the minimum qualifications for the Youth Counselor" position #11-193. *Id.* Plaintiff claims that the Youth Counselor position "throughout the entire state requires the same experience and qualifications for appointment" and that "the denial of her qualifications for [position] #11-193, when she had been deemed qualified for the previous [position #11-168] was to deny her the position because of her disability in violation of her rights" under the ADA and NYSHRL. *Id.*

Subsequently, on December 30, 2011, Plaintiff applied for two other Youth Counselor positions #11-351 and #11-340. *Id.* at ¶ 6.

On January 30, 2012, Plaintiff received a call in response to position #11-340 from Ms. Cinda Anthony, an employee of Defendant, who stated that Plaintiff's resume was on her desk and she wanted to interview Plaintiff, but needed to get approval from Ms. Howe, another employee of Defendant. *Id.* at ¶ 7. During the course of the conversation, Ms. Anthony asked Plaintiff "[w]hat is your disability?" *Id.* Plaintiff "was shocked and felt ambivalent about answering the question." *Id.*

At the time, Plaintiff's husband was in the room and transcribed the following conversation that took place:

> Plaintiff: "I had an ankle injury, however, I am fine now and it would not impede on my work. I do not need any kind of assistance to get around."
>
> Ms. Anthony: "I still need to get approval from Ms. Howe. I have not spoken to Ms. How yet."
>
> Plaintiff: "I will call her."
>
> Ms. Anthony: "Ok, you can call me back at this number."

*Id.* (quotation marks in original)

On February 1, 2012, Plaintiff reached Ms. Howe who admitted that Plaintiff was qualified for position #11-340. *Id.* at ¶ 8. Ms. Howe also informed Plaintiff that her information would be forwarded to Ms. Anthony, and her name would be placed on the "certified list." *Id.* However, Plaintiff's name was never placed on the "certified list." *Id.* Additionally, the next day, Ms. Anthony informed Plaintiff that she had already chosen her candidates for the position. According to Plaintiff, she was "denied these positions because of her disability which violated her rights" under the ADA and NYSHRL. *Id.*  – k – k

On February 2, 2012, Plaintiff applied for two more Youth Counselor positions – #12-36 and #12-78. *Id.* at ¶ 9. Plaintiff claims she was qualified for both positions, but was only ever

-3-

called in for an interview after filing a complaint against Defendant with the Equal Employment Opportunities Commission (EEOC) with respect to position #12-78. *Id.*

Defendant interviewed and gave a "verbal" exam at the same time to both Plaintiff, who at the time was fifty years old, as well as an "able-bodied younger male." *Id.* According to Plaintiff, this was against the rules N.Y. Civ. Serv. Law § 55-b. *Id.* Plaintiff felt "the interviewers focused more enthusiastically towards the young male. Furthermore, the interviewers did not have [Plaintiff's] application or resume handy, yet, did have the application and resume of the younger male applicant." *Id.*

Plaintiff claims that she was over-qualified for the Youth Counselor position because it only required a "Bachelor's Degree with adequate experience in counseling," and Plaintiff has a Master's Degree in School Psychology and many years of counseling experience. *Id.* Plaintiff "made a Freedom of Information [Act] request to ascertain the ages of all Youth Counselor [] hires," but Defendant claimed it did not have the information Plaintiff was seeking. *Id.* Plaintiff "believes that the disparate treatment, denial of employment, denial of age related information, improper interview and oral exam she received from the [D]efendant was also the result of the [P]laintiff's age," which violated her rights under the ADEA, ADA, and NYSHRL. *Id.*

Based on the foregoing facts, Plaintiff argues that Defendant violated the ADA, ADEA, and NYSHRL. *Id.* at ¶ 10. Plaintiff seeks $108,000 in compensatory damages and $2,000,000 in punitive damages. *Id.* at ¶ 11.

On October 31, 2013, Defendant filed its motion to dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(1) claiming that the Court lacks subject matter jurisdiction because Plaintiff's claims are barred by the Eleventh Amendment.

## DISCUSSION

**1. Legal Standard**

"A case is properly dismissed for lack of subject matter jurisdiction under [Federal Rules of Civil Procedure] Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). "Once challenged, the burden of establishing jurisdiction rests with the party asserting that it exists. The party asserting subject matter jurisdiction has the burden of proving, by a preponderance of the evidence, that the court has subject matter jurisdiction. *Augienello v. F.D.I.C.*, 310 F. Supp. 2d 582, 587-88 (S.D.N.Y. 2004) (Sweet, J,) (internal citations omitted).

"On a motion to dismiss for lack of subject matter jurisdiction, the court may resolve disputed jurisdictional factual issues by reference to evidence outside the pleadings" such as affidavits or other evidence. *Id.* at 588 (citing *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986)). "[C]ourts must accept as true all material factual allegations in the complaint" and "refrain from drawing from the pleadings inferences favorable to the party asserting [jurisdiction]." *Fox v. Commonw. Worldwide Chauffeured Transp. of NY, LLC*, No. 08-CV-1686, 2009 WL 1813230, at *1 (E.D.N.Y. June 25, 2009) (Garaufis, J.) (internal quotation marks and citations omitted).

**2. The Eleventh Amendment**

It is undisputed by the parties that Defendant is a state agency. As such, Defendant's primary argument is that "Plaintiff's claims pursuant to the ADA, ADEA, and NYSHRL as asserted against [Defendant] must be dismissed because they are barred by virtue of [Defendant's] sovereign immunity under the Eleventh Amendment to the United States Constitution." Dkt. 16 ("Motion to Dismiss") at 5. In contrast, Plaintiff argues that

"Defendant's discriminatory actions towards Plaintiff was [sic] 'intentional' and 'blatant' in nature, which should bar the Defendant from utilizing Eleventh Amendment (immunity) protections." Dkt. 18 ("Opp.") at 2.

The Eleventh Amendment provides that:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. As a result, "[a] State is thus immune from suits in federal court brought by its own citizens and such immunity extends to officers acting on behalf of the State." *Winokur v. Office of Court Admin.*, 190 F. Supp. 2d 444, 448 (E.D.N.Y. 2002) (Spatt, J.) (internal citations omitted). This immunity extends to state agencies as well. *See e.g.*, *Emmons v. City Univ. of N. Y.*, 715 F. Supp. 2d 394, 406 (E.D.N.Y. 2010) (Vitaliano, J.).

There are only three exceptions to this rule. "First, a State may waive its Eleventh Amendment defense." *Winokur*, 190 F. Supp. 2d at 448 (citing *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999)). "Second, Congress may abrogate the sovereign immunity of the States by acting pursuant to a grant of constitutional authority." *Id.* (citing *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 80 (2000)). "Third, under the *Ex parte Young* doctrine, the Eleventh Amendment does not bar a suit against a state official when that suit seeks . . . prospective injunctive relief." *Id.* (internal quotation marks omitted) (citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 73 (1996)) (italics and ellipsis in original).

With this background in mind, the Court analyzes the issue of subject matter jurisdiction. For the reasons discussed below, the Court dismisses Plaintiff's Amended Complaint for lack of subject matter jurisdiction.

### 3. Plaintiff's ADA Claim is Barred by the Eleventh Amendment

As an initial matter, Plaintiff's Amended Complaint does not specify under which title of the ADA Plaintiff brings her suit. The Court, however, finds that Plaintiff's claims necessarily arise under Title I because they revolve around "discrimination against qualified individuals with disabilities in matters of job application, hiring . . . and any other terms and conditions of employment." *Id.* (citing 42 U.S.C. § 12112(a)).

As a general rule, "[t]itle I applies to the States. The Supreme Court has held that a claim brought under Title I of the ADA against States for monetary damages is barred by the Eleventh Amendment." *Id.* (internal citations omitted).[1] Additionally, "[t]he Supreme Court has held that Title I of the ADA is not a valid abrogation of the States' sovereign immunity and thus the Eleventh Amendment bars claims brought under Title I against states or state agencies." *Henny v. N. Y. State Office of Mental Health*, 842 F. Supp. 2d 530, 544 (S.D.N.Y. 2012) (Karas, J.) (citing *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 368-74 (2001) and *Melrose v. N.Y. State Dep't of Health Office of Prof'l Med. Conduct*, 05-CV-8778, 2009 WL 211029, at *5 (S.D.N.Y. Jan. 26, 2009) (Robinson, J.)).

Here, Plaintiff seeks monetary damages from Defendant, a state agency. Accordingly, the Eleventh Amendment bars the Title I claim against Defendant. Moreover, Plaintiff has alleged no facts to suggest that Defendant waived its right to sovereign immunity and its right to the Eleventh Amendment defense. Specifically, there are no facts to suggest that Defendant

---

[1] Plaintiff's Opposition to Defendant's Motion to Dismiss raises the possibility that Plaintiff believes her claims also arise under Title V of the ADA. (Opp. at 5). Even if this were true, "district courts within this Circuit have consistently extended [sovereign immunity] to ADA Title V retaliation claims—at least to the extent that those claims are predicated on ADA Title I discrimination claims." *Quadir v. N. Y. State Dep't of Labor*, 13-CV-3327, 2014 WL 4086296, at *3 (S.D.N.Y. Aug. 19, 2014) (Oetken, J.). Therefore, even if the Court were to read Plaintiff's complaint as alleging a claim under Title V, the Eleventh Amendment would still bar Plaintiff's ADA claim.

intentionally relinquished or abandoned a known right or privilege. *Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 114 (2d Cir. 2001) ("As is the case with the waiver of any constitutional right, an effective waiver of sovereign immunity requires an intentional relinquishment or abandonment of a known right or privilege. . . . And in assessing whether a state has made a knowing and intentional waiver, the Supreme Court has instructed that every reasonable presumption against waiver is to be indulged.") (internal quotation marks and citations omitted).

Although Plaintiff states that Defendant's actions were "intentional" and "blatant" in nature, Plaintiff has not provided any law to establish such behavior would result in Defendant's intentional relinquishment or abandonment of a known right or privilege for purposes of waiving its right to sovereign immunity. As a result, Plaintiff's ADA claim is barred by the Eleventh Amendment.

### 4. Plaintiff's ADEA Claim is Barred by the Eleventh Amendment

As discussed above, the Eleventh Amendment "bars suits that seek either money damages, or injunctive relief" against state agencies. *McGinty v. New York*, 251 F.3d 84, 91 (2d Cir. 2001) (internal citations omitted). Like the ADA, "sovereign immunity under the Eleventh Amendment has not been abrogated for purposes of . . . the ADEA" *Nicolae v. Office of Vocational & Educ. Servs. for Individuals with Disabilities*, 257 F. App'x 455, 456-57 (2d Cir. 2007) (citing *Kimel*, 528 U.S. at 91). As a result, Plaintiff can only move forward with her claim if she is able to establish waiver of this protection. *See e.g., Winokur*, 190 F. Supp. 2d at 448. However, as discussed directly above, Plaintiff has not alleged any facts to show a valid waiver of sovereign immunity. Therefore, Plaintiff's ADEA claim is barred by the Eleventh Amendment.

### 5. Plaintiff's NYSHRL Claim is Barred by the Eleventh Amendment

Plaintiff also makes claims under the NYSHRL. However, the NYSHRL "parallels the ADA in its substantive legal standards." *Quadir*, 2014 WL 4086296 at *4 (citation omitted). Additionally, "[t]his cause of action also runs aground on sovereign immunity because New York has not waived its Eleventh Amendment immunity for NYSHRL suits in federal courts." *Id.* (internal quotation marks and citations omitted). Furthermore, "[i]t is well settled that the Eleventh Amendment bars the adjudication of pendent state law claims against nonconsenting state defendants in federal court." *Winokur*, 190 F. Supp. 2d at 450 (internal quotation marks and citations omitted). "For this Court to have the power to adjudicate the state law claim in the complaint, namely the NYSHRL, either an express waiver by the State or a congressional abrogation of the Eleventh Amendment must exist" *Id.* at 451 (citation omitted). However, "[the] Court has found no such law" to suggest that "any congressional statute [] intends to abrogate the immunity of New York State with respect to the NYSHRL." *Id.*

Plaintiff's NYSHRL claim is barred by the Eleventh Amendment for two reasons. First, because the Court has determined that Plaintiff's ADA claim is barred by the Eleventh Amendment, it follows that Plaintiff's NYSHRL must be dismissed as a pendent state law claim. *See e.g.*, *Quadir*, 2014 WL 4086296, at *4. Second, Plaintiff has not alleged any facts to suggest Defendant knowingly and intentionally waived its right to sovereign immunity. *See e.g.*, *Winokur*, 190 F. Supp. 2d at 450. As a result, Plaintiff's NYSHRL claim is barred by the Eleventh Amendment.

### CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, Dkt. 16, is hereby GRANTED WITH PREJUDICE because Plaintiff's claims are barred as a matter of law by the Eleventh Amendment.

SO ORDERED.

s/WFK

_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: April 2, 2015
Brooklyn, NY